UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| HOWARD CUSICK | CIVIL ACTION NO. 06-0024 |
|---|---|
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### R U L I N G

Before the Court is an uncontested motion for summary judgment (Doc. 26) filed by defendant United States of America.  Because there are no genuine issues of material fact remaining, the motion must be GRANTED, and the plaintiff's claims must be DISMISSED WITH PREJUDICE.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id.  A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986).  If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir.

1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

The pro se plaintiff, Howard Cusick, alleges in his January 4, 2006 complaint that during a routine checkup on November 7, 2001 at the Veterans Affairs Medical Center in Pineville, Louisiana, he was improperly diagnosed with high blood pressure after having his blood pressure taken by a child. Thereafter, he alleges, he was prescribed Verapamil (a blood pressure medication), which irreparably damaged his liver. On March 23, 2006, the United States filed its answer, denying all of the plaintiff's allegations. Nothing further occurred in the case until March 2007, when we accepted the plan of work filed by both parties (Doc. 21), in which the final date for employing experts was set at August 1, 2007.

On October 11, 2007, the United States filed the unopposed motion for summary judgment (Doc. 26) now before us, essentially arguing that the plaintiff has failed to present competent summary judgment evidence supporting his claim. On December 22, 2007, the plaintiff submitted a letter to the Court, well past the deadline for retention of experts, explaining that he was unable to find an expert willing to support his claim, despite visiting three different doctors, one of which was a gastrointestinal specialist.

In an unnumbered docket entry dated December 27, 2007, the magistrate judge, obviously referring to the December 22, 2007 letter,[1] stated in a minute entry:

> Plaintiff may employ an expert medical professional at his expense to offer an opinion regarding whether Verapamil caused plaintiff's liver damage. Plaintiff is granted an additional 30 days from today within which to employ such an expert or obtain counsel. Plaintiff shall notify the court immediately upon hiring an expert or obtaining counsel. In the event the plaintiff employs such an expert or an attorney, the court will extend the deadlines applicable in this case including the deadline for obtaining a report from the expert. Otherwise, the court will decide the case on whatever evidence with which it may be presented.

(Id.).

The plaintiff has not notified the Court of any change in circumstances since the December 27, 2007 minute entry. Accordingly, it is appropriate to decide the case on whatever evidence has been presented. However, the plaintiff has presented **no** evidence outside of the bare allegations in his pleadings. Although a pro se plaintiff is held to less stringent standards than practicing attorneys,[2] he or she must still comply with the Federal Rules of Civil Procedure, including the evidentiary rules for summary judgment.[3] In this case, liberally construing everything before us, it is clear that the plaintiff has failed to submit any proper evidence of his claims. Unfortunately, beyond

---

[1] The minute entry actually refers to "plaintiff's letter dated Dec. 12, 2007 and concerning his attempts to obtain a medical report from a physician," but the plaintiff's December 22 letter is the only one in the record, and it is clearly the one in question.

[2] See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (internal quotation marks omitted).

[3] See, e.g., Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.") (footnote omitted).

the conclusory allegations in the complaint and his unsworn letters, nothing in the record supports the plaintiff's claims. The plaintiff has been given ample opportunity to offer evidence, including the gracious extension of time well beyond the expert retention deadline, and he has failed to submit <u>anything</u> to the Court in opposition to the motion for summary judgment. Under these circumstances, summary judgment is proper.

## CONCLUSION

Based on the foregoing, the motion for summary judgment (Doc. 26) filed by defendant United States of America is GRANTED. By separate judgment, all of the plaintiff's claims in this matter are DISMISSED WITH PREJUDICE.

SIGNED on this 13th day of February, 2008 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge